UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH CECIL CHANEY

VERSUS

ELMER LITCHFIELD,
ET AL.

CIVIL ACTION

NO. 07-10-JJB

## RULING AND ORDER

This matter is before the court on a motion (doc. 28) for partial summary judgment by Elmer Litchfield and a motion (doc. 35) to dismiss by the City Parish, Pam Porter and Tommy Loyacono. The motions are opposed; there is no need for oral argument. Subject matter jurisdiction is based upon 28 U.S.C. §1343.

The salient issue raised by the aforementioned motions is whether plaintiff's claims based upon failure to provide medical care are prescribed. Plaintiff has repeatedly amended his complaint, attempting to state claims under state and federal law based upon defendants allegedly failing to provide him treatment for "acute heart conditions, problems with his blood pressure, his thyroid, and medically associated problems due to a bullet wound." In his latest amended complaint, plaintiff claims he made "repeated" requests for medical care to the Warden of E.B.R. Parish Prison, "correctional officers and/or staff personnel who at this time are unknown and City of Baton Rouge Emergency Medical Services staff personnel who at this time are unknown."

1

The court agrees with defendants that all of the claims based upon denial of medical care have prescribed. There is no dispute that the prescriptive period is one year, regardless of whether plaintiff's claims are made under state law or §1983. Plaintiff fails to specify any dates of denial of medical treatment in his numerous pleadings and briefs, and he fails to submit any evidence whatsoever in support of this claim.

Apparently, plaintiff concedes that all of the alleged instances of denial of treatment occurred more than one year prior to his bringing suit. Instead, plaintiff attempts to invoke "contra non valentum," which would bar prescription from running where the plaintiff does not know or is not reasonable capable of knowing if he has a cause of action." McGregor v. Louisiana State University Board of Supervisors, 3 F.3d 850 (5th Cir. 1993). In support of this argument, plaintiff merely states in his opposition brief that he "was not made aware that his heart conditioned (sic) had worsened until he was released from prison and had consulted with his heart doctor who is located in Birmingham, Alabama."

This argument clearly lacks merit. Plaintiff claims that defendants knew (or should have known) that they were denying him treatment for a serious medical condition. If defendants should have known that the request concerned a serious medical condition, than plaintiff certainly should have known at the time as well. Plaintiff's argument actually goes to the extent of damages and cannot be a basis for applying contra non valentum.

Accordingly, the court hereby GRANTS defendants' motions to dismiss (doc. 35) and for partial summary judgment (doc. 28) and hereby dismisses all claims against any of the defendants based upon denial of medical care. This ruling effectively dismisses all of the claims against the John and Jane Doe defendants. Consequently, as the other parties have consented to proceed before the magistrate judge;

IT IS HEREBY ORDERED that this matter be referred to the magistrate judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 USC 636 ( c ) and the foregoing consent of the parties.[1]

Baton Rouge, Louisiana, May 8th, 2008.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

[1] The court makes no disposition of any claims that plaintiff may have based upon the alleged failure to immediate release him once he was found not guilty and/or for malicious prosecution.